Cratsley, J.
The plaintiff, Anthony Previte (“Prev-ite”) brought this action against the defendants, Clement R. Purcell, Frederick C. Purcell, and Eulalia E. Purcell (“the Purcells”), seeking the broker’s commission to which he is allegedly entitled under an exclusive listing agreement for the sale of 223-225 Cambridge Street, Winchester, MA (“the Premises”). The defendants move to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, the defendants’ motion to dismiss is DENIED.
BACKGROUND
The plaintiffs complaint alleges; (1) the parties entered into a written listing agreement by which Previte, as a broker, would find a buyer willing to purchase the Premises for $3 million dollars in exchange for a 4% commission on the sale price; (2) Previte showed the Premises to Howland Development Corp. (“Howland”) which made an offer on the property; (3) after some negotiations, the Purcells orally offered to sell the Premises for $2.5 million and Howland accepted; (4) Howland sent the Purcells a purchase and sale agreement reflecting the terms of the oral agreement; (5) the Purcells have refused to sign the purchase and sale agreement; (6) Previte has demanded and the Purcells have refused to pay the 4% commission on the $2.5 million oral agreement of sale.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nader v. Citron, 372, 96, 98 (1977). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
“When a broker is engaged by an owner of property to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready, willing and able to buy on the terms fixed by the owner, (b) the purchaser enters into a binding contract with the owner to do so, and (c) the purchaser completes the transaction by closing the title in accordance with the provisions of the contract.” Capezzuto v. John Hancock Mutual Life Ins. Co., 394 Mass. 399, 402 (1984), quoting Tristam’s Landing, Inc. v. Wait, 367 Mass. 622, 629 (1975). A seller’s oral agreement to sell the property to the broker’s client, without a written contract of sale, does not entitle the broker to a commission. Capezzuto, supra at 403. However, the rules outlined in Tristam’s Landing and Capezzuto “may not be applicable where the seller has engaged in bad faith dealing, or some other misconduct which prevents an agreement between the broker’s client and the seller ... or which suggests ‘a purpose on the part of the [seller] to obtain without payment a profit from the [broker’s] exertion.’ ” Id. at 402.
This Court agrees with the defendants’ argument that the Purcells’ alleged oral acceptance of Howland as a buyer of the Premises for $2.5 million is insufficient, by itself, to make the Purcells liable for Previte’s commission.[2] However, Previte alleges more than an oral agreement. Previte alleges that the failure of the Purcells to reduce the oral purchase and sale agreement to written form was due to the Purcells’ bad faith. Specifically, Previte claims that (1) as a result of his efforts, potential buyers other than Howland approached the Purcells, (2) the Purcells failed to refer these potential buyers to Previte as required by the listing agreement, and later refused to disclose their identity to Previte, and (3) the Purcells waited until the termination of the listing agreement before selling the Premises to these buyers, in order to deprive Previte of his commission. Previte’s complaint therefore suggests an effort on the part of the Purcells to benefit without payment from Previte’s efforts. Accepting these allegations as true, this Court holds that Previte has stated a claim upon which relief-may be granted.
Accordingly, the Purcells’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) is DENIED.
ORDER
. For the reasons stated above, the defendants Clement R. Purcell, Frederick C. Purcell, and Eulalia E. Purcell’s motion to dismiss the plaintiff Anthony Previte’s complaint for failure to state a claim upon which relief may be granted is DENIED.

This Court notes that both parties have submitted evidence with respect to whether any of the Purcells orally agreed to sell the Premises for $2.5 million dollars and whether such an oral representation was binding upon all of the Purcells. Since consideration of such evidence would only create an issue of fact as to the existence of the alleged oral agreement, this Court declines to accept evidence outside of the complaint and thereby convert the present motion to dismiss into a motion for summary judgment under Mass.R.Civ.P. 12(b). Contrast Watros v. Greater Lynn Mental Health & Retardation Assoc., 37 Mass.App.Ct. 657, 663 (1994) (conversion of motion to dismiss into motion for summary judgment appropriate where “the judge could look beyond the unverified pleading and apply dispositive legal principles to the undisputed facts and avoid unnecessary further proceedings”).